IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTY MCLEOD,<br><br>    Plaintiff,<br><br>v.<br><br>COBB COUNTY ATTORNEY'S<br>OFFICE,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Christy McLeod, ("Plaintiff" or "Ms. McLeod"), by and through her undersigned counsel, and files this, their Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Cobb County Attorney's Office ("Defendant") for violations of her rights under the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADEA. Plaintiff filed their Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on ; the EEOC issued its Notice of Right to Sue on February 15, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## **PARTIES**

6.

Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

Defendant Cobb County Attorney's Office is a governmental agency located within Cobb County, Georgia, and an employer as defined by the ADEA. The Cobb County Attorney's Office may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure by service on H. William Rowling Jr., Esq. of the Cobb County Attorney's Office at 100 Cherokee Street, Suite 350, Marietta, Georgia, 30090.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADEA. Defendant is now and, at all times relevant hereto, has been a for-profit entity engaged in an industry affecting commerce. During all times relevant hereto, Defendant had employed twenty (20) or more employees for the requisite duration under the ADEA.

## FACTUAL ALLEGATIONS

9.

Plaintiff began working for Defendant on or about February 14, 2000. Her last position was Judicial Admin Tech II.

10.

Ms. McLeod worked successfully for Cobb County for over twenty years.

11.

Kristian Rannestad became Plaintiff's supervisor in 2020. Rannestad had only been hired on or around the year 2012.

12.

Rannestad was approximately 35 years old at the time she became Plaintiff's supervisor.

13.

Until the year 2020 when Kristian Rannestad became her immediate supervisor, Ms. McLeod had always received exemplary performance appraisals, and had never received "needs improvements" ratings on any of her performance reviews.

14.

In fact, in 2019, Plaintiff's then-supervisor Michael Dmitri in 2019 gave Ms. McLeod a rating of "excels" on all aspects of her performance evaluation.

15.

In 2021, Connie Taylor became the new Clerk for the office.

16.

Upon starting with the County Office, Taylor immediately began making comments about Ms. McLeod's age.

17.

Taylor then began hiring and promoting younger employees to higher-ranked positions for which Ms. McLeod was better qualified, and eligible.

18.

Ms. Taylor did not post these job listings publicly, but simply picked younger employees to promote without posting the jobs.

19.

Taylor also documented Ms. McLeod for "tardiness," when she was the only employee not working from home, and no other employees received reprimands or write-ups for the time at which they started and finished work.

20.

Around March of 2020, after COVID began a global pandemic, employees with underlying medical conditions were sent home, and were not able to work from home. Ms. McLeod was being paid emergency paid leave.

21.

Around May of 2020 Ms. McLeod and other employees with underlying medical conditions were brought back into the office by Defendant.

22.

Ms. McLeod worked in the office for about a month, until June when Ms. McLeod and other employees were allowed to begin bringing their computers home and work remotely.

23.

Around December 2020, employees moved back into the office.

24.

However, in Spring of 2021, Defendant began allowing younger employees to take their computers to work from home, however, Ms. McLeod was not allowed to take her computer home, and had to work in the office.

25.

Ms. McLeod worked for the Real Estate Department.

26.

On or about October 25, 2021, Taylor made Kristian Rannestad the Manager over the Real Estate Department.

27.

On or about January 20, 2022, Plaintiff received a performance evaluation that was critical of her abilities, with "meets expectations" and "needs improvements."

28.

In particular, Rannestad referenced Ms. McLeod's age, writing that"[it] would benefit to her to…leverage her years of experience in thinking through problems and issues."

29.

On or about January 24, 2022, Ms. McLeod responded to this evaluation, telling Rannestad that she felt she was being discriminated against on the basis of her age.

30.

Ms. McLeod noted in her response to the performance review that Rannestad habitually belittled older employees.

31.

Ms. McLeod noted that she was the only employee not allowed to work from home, and was also the only older employee.

32.

Ms. McLeod protested that she was counted by Rannestad as "tardy" six times, without documenting the days and amount of time.

33.

In particular, it was strange that Ms. McLeod was being counted as "tardy," when other employees who worked from home were allowed to set their own hours.

34.

Ms. McLeod also noted that Rannestad said if McLeod worked from home with overtime, that her number would have to be as high as the other employees, implying that employees who were allowed to work from home were also doing overtime. This meant that while McLeod was not permitted to take overtime and receive overtime pay, younger employees were allowed to take overtime, and were receiving overtime pay.

35.

Ms. McLeod noted that Rannestad repeatedly belittled Ms. McLeod by having her check in about each and every small action she needed to take related to her job.

36.

Ms. McLeod noted that the message being sent by Rannestad was that older employees were less capable and required constant supervision in order to be trusted to do their work.

37.

On or about January 26, 2022, three days after Ms. McLeod objected to being discriminated against on the basis of her age, she was terminated.

38.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Despite Plaintiff's complaints, Defendant did not attempt to rectify the situation, and instead terminated Plaintiff's employment.

39.

Defendant treated other employees outside of Plaintiff's protected class, i.e. those younger than forty (40), more favorably.

## **CLAIMS FOR RELIEF**

## **COUNT I:  DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, AS AMENDED**

40.

Plaintiff re-alleges paragraphs 1-34 as if set forth fully herein.

41.

At all times relevant to this Complaint, Plaintiff was over the age of 40.

42.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her age in violation of ADEA, as amended.

43.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

44.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her age.

45.

As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has lost wages and benefits.

## COUNT I: RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, AS AMENDED

46.

Plaintiff re-alleges paragraphs 1-34 as if set forth fully herein.

47.

At all times relevant to this Complaint, Plaintiff was over the age of 40.

48.

Defendant terminated Plaintiff for making a formal complaint to Defendant regarding Defendant's discrimination on the basis of her age.

49.

Plaintiff's complaint regarding Defendant's discrimination against her on the basis of her age constitutes protected conduct under the ADEA.

50.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her complaints of discrimination.

51.

Defendant terminated Plaintiff's employment within close temporal proximity (three days) of Plaintiff's complaints of discrimination.

52.

Defendant's proferred reasons for terminating Plaintiff's employment were a pretext designed to hide Defendant's retaliatory motive.

53.

Defendant willfully and wantonly disregarded Plaintiff's rights and Defendant's retaliation against Plaintiff was undertaken in bad faith.

54.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected their status as an employee because of her protected complaints of discrimination.

55.

As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has lost wages and benefits.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) Reasonable attorney's fees and expenses of litigation;

(b) Trial by jury as to all issues;

(c) Prejudgment interest at the rate allowed by law;

(d) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(e) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(f) Compensation for lost compensation, back pay, wages and employment-related benefits;

(g) Liquidated damages; and

(h) All other relief to which  may be entitled.

**BARRETT & FARAHANY**

s/ Katherine Cantolina
Katherine Cantolina
Georgia Bar No. 794526

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
kate@justiceatwork.com